IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEUM SOON KIM, ) | |
| ) | |
| Plaintiff, ) | Case No. 19 C 6534 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| SIMON PROPERTY GROUP, INC., SIMON ) | |
| PROPERTY GROUP, LP, SIMON PROPERTY ) | |
| GROUP (Delaware), INC., and SEPHORA USA, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Keum Soon Kim brings a three-count complaint against defendants Simon Property Group, Inc., Simon Property Group, LP, Simon Property Group (Delaware), Inc., (collectively, the "Simon defendants"), and Sephora USA, Inc. ("Sephora"). Count I alleges a violation of the Illinois Premises Liability Act, 740 ILCS 130 et seq., against the Simon defendants, Count II alleges a violation of the Illinois Premises Liability Act, 740 ILCS 130 et seq., against Sephora, and Count III alleges general negligence against all defendants.[1] Both the Simon defendants and Sephora have moved for summary judgment. (Doc. 64; Doc. 70). For the reasons stated below, the motions are granted.

**BACKGROUND**

The following facts are undisputed. On October 7, 2017, plaintiff fell down a short flight of stairs while window shopping at Woodfield Mall. Plaintiff claims that she fell because she was distracted by some advertisements placed in Sephora's window display, and thus did not see

---

[1] The court has subject matter jurisdiction based on diversity of citizenship of the parties.

the flight of stairs. At her deposition, plaintiff testified that Sephora's window displays were rather ordinary. There were no flashing lights, protruding pieces, loud sounds, or special effects. The display merely showcased some of Sephora's cosmetic products.

Plaintiff also testified that the stairs were, themselves, rather ordinary. A photo of the stairs in question show exactly four-steps of average (if not low) height, with a metal guardrail on either side.



Plaintiff testified that the stairs were in good condition, and that there were no spills or substances on the stairs. Further, plaintiff conceded that there were no items (such as columns, pillars, or posters) obstructing her view of the stairs. She did not see the stairs because she was not looking forward, instead choosing to look at Sephora's (admittedly ordinary) window display.

## **DISCUSSION**

Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material facts exists if "there is evidence such that a reasonable jury could return a verdict

in favor of the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine dispute of material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party." See CTL ex rel. Trebatoski v. Ashland Sch. Dist., 743 F.3d 524, 528 (7th Cir. 2014). But the nonmovant "is only entitled to the benefit of inferences supported by admissible evidence, not those supported by only speculation or conjecture." Grant v. Trustees of Ind. Univ., 870 F.3d 562, 568 (7th Cir. 2017).

Both the Simon defendants and Sephora move for summary judgment on their respective Premises Liability Act claims, arguing that they did not control, operate, or own the stairs in question. Addressing the Simon defendants first, it appears that Woodfield Mall has at all times been owned by Woodfield Mall, LLC. The Simon defendants apparently informed plaintiff of this fact several times, but plaintiff has never added Woodfield Mall, LLC, to this suit. The record and exhibits indicate that Woodfield Mall was not owned or managed by the Simon defendants. Rather, Woodfield Mall, LLC, and Simon Management Associates, LLC (an entity that is not a party to this lawsuit), had a management agreement. Plaintiff points to the Simon defendants' website and investment documents, which state in general terms that the Simon defendants own, develop, and operate malls across the country. But it is clear from the relevant agreements and records that the Simon defendants had no ownership or control over Woodfield Mall. Indeed, Sephora signed a lease agreement with Woodfield Mall, LLC, not the Simon defendants.[2] This fact alone warrants summary judgment in favor of the Simon defendants.

The Premises Liability Claim against Sephora suffers from a similar defect. Sephora claims that plaintiff did not fall on Sephora's premises and that Sephora did not own or control

---

[2] Plaintiff relies on Sephora's lease terms to argue that the Simon defendants owed plaintiff a duty of care. However, this is incorrect, as the lease is clearly between Sephora and Woodfield Mall, LLC—not the Simon defendants.

3

the steps upon which plaintiff fell. Although plaintiff concedes that she did not enter the Sephora store, plaintiff argues that Sephora owed plaintiff a duty of care to provide "a reasonably safe means of ingress and egress" to its premises. However, plaintiff was not a Sephora invitee because she did not enter, attempt to enter, or intend to enter Sephora. Consequently, Sephora did not owe plaintiff a duty of care.

Further, Sephora did not operate, control, own, maintain, or manage the stairs upon which plaintiff fell. Plaintiff argues that Sephora had a responsibility to keep the area adjacent to its premises "orderly neat safe clean and free from rubbish and dirt." But if anything, this arguments supports Sephora's position. There is no evidence in the record that the stairs were disorderly, messy, unclean, or unsafe. Plaintiff testified that she could not identify any item or substance obstructing her view of the stairs or causing her to fall on the stairs, other than her own inattention.

Consequently, even if the defendants owned, operated, and controlled the stairs in question, defendants are still entitled to summary judgment because there was no dangerous condition, and neither defendant was negligent. Plaintiff argues that the stairs were a dangerous condition, and that the "distraction exception" to the open and obvious rule applies to her claim. In Illinois, a property owner is not required to foresee and protect against injuries from potentially dangerous conditions that are "open and obvious." Sandoval v. City of Chi, 375 Ill.App.3d 1023, 1027 (1st Dist. 2005). "Whether a condition is open and obvious depends on the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge." Prostram v. City of Chi, 349 Ill.App.3d 81, 86 (1st Dist. 2004). "Where there is no dispute about the physical nature of the condition, whether a danger is open and obvious is a question of law." Choate v. Indiana Harbor Belt. R.R. Co., 2012 IL 112948 ¶ 34.

4

Here, there is no dispute about the condition of the steps or the display inside Sephora's store. All parties agree that the stairs were functional, there was nothing spilled on them, and nothing blocked plaintiff's view of the steps. The parties additionally agree that the display lacked flashing lights, protruding objects, and the like. Because there is no dispute as to the nature of the conditions, the court finds as a matter of law that the steps and display were open and obvious. This finding alone is normally enough to grant summary judgment for a defendant.

But plaintiff takes her argument a step further, arguing that the "distraction exception" to Illinois's open and obvious rule applies. The distraction exception "essentially holds that even an open-and-obvious condition may still be unreasonably dangerous if the landowner should have foreseen that people would fail to notice or protect themselves against the condition because they became distracted." Wade v. Wal-Mart Stores, Inc., 39 N.E.3d 1141, 1146 (Ill. App. 2015). In Bruns v. City of Centralia, the Illinois Supreme Court clarified the situations in which the exception applies. 21 N.E.3d 684, 692-93 (Ill. 2014). The Court distinguished between two types of cases: (1) those in which plaintiffs were distracted due to some circumstance that required them to divert their attention from the open and obvious condition or otherwise prevented them from avoiding the risk—in such cases, the distraction exception applies; and (2) those in which plaintiffs were merely "looking elsewhere" but were not require to do so nor prevented from avoiding the open and obvious condition—in such cases, the distraction exception does not apply. Id. The Illinois Supreme Court further held, "[t]o the extent that looking elsewhere could, itself, be deemed a distraction, then it is, at most, a self-made distraction," that does not invoke the exception. Id. at 693-94.

Here, there was nothing requiring plaintiff to divert her attention from the steps or preventing her from observing them. She testified that nothing blocked her view, and that there

5

were no flashing lights, loud noises, or protruding objects, that would have snagged her attention or required her to look at the display. This is clearly a case in which plaintiff was merely "looking elsewhere." Bruns, 21 N.E.3d at 693-94. As such, the distraction exception cannot apply.

Plaintiff cites to a number of cases in her brief, yet they are all inapposite. Those cases all involve an obstruction in the plaintiff's path causing them to fall, such as: spilled detergent (Minnick v. Sam's W., Inc., 2018 WL 610025 (N.D. Ill. Nov. 21, 2017)); spilled tea; (Geleta v. Meijer, Inc., 2013 IL 6797111 (N.D. Ill. Dec. 23, 2013)); melted ice cream (Baker v. Costco Wholesale Corp., 2016 IL App (1st) 152736-U); or a wood cribbing protruding into the aisle of an auction site (Savage v. Ritchie Bros. Auctioneers, 2012 WL 1520710 (N.D. Ill. Apr. 30, 2012)). Unlike those cases, in the instant suit there was no dangerous condition other than an open and obvious staircase that plaintiff failed to observe because she was not paying attention. Plaintiff has failed to demonstrate an actual distraction. No reasonable jury could find otherwise. Consequently, the court grants summary judgment for both defendants.

## CONCLUSION

For the reasons stated above, the court grants the Simon defendant's motion for summary judgment (Doc. 64) and Sephora's motion for summary judgment (Doc. 70). Civil case terminated.

**ENTER:**

_____
**Robert W. Gettleman**
**United States District Judge**

**DATE: April 28, 2022**

6